ANDRUS vs. WILKIN ET AL.

APPEAL FROM THE COURT OF THE SECOND DISTRICT.

Testimony which has a bearing on the cause, though it be not important, cannot be rejected on the ground of irrelevancy.

Although a deed acknowledges the vendor's receipt of the price in full, if it set forth certain mortgages on the property which are to be paid out of the consideration of the sale, it will be presumed that the vendees retained an amount sufficient to pay the mortgages, and they will be personally responsible to the mortgage creditors.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

In this case, the plaintiff sues to make the defendants personally responsible for a debt secured by a judicial mortgage, due to the former from Rezin P. Bowie, on a judgement rendered in the fifth judicial district, and duly recorded in the parish of Lafourche Interior. This mortgage, the plaintiff alleges, operates as a lien on a certain tract of land and slaves thereon, situated in the parish where the judgement was recorded, which land and slaves were subsequently sold by Rezin P. Bowie, and his brothers James and Stephen, to the defendants; and in the act of sale, by which they acquired said property, they took upon themselves to pay and discharge the plaintiff's mortgages, and also the mortgages of several other persons which affected the property sold.

The court below was of opinion that the purchasers, did, by the stipulations of the contract with the Bowies, assume the payment of the debt now claimed by the plaintiff, and gave judgement accordingly, from which the defendants appealed.

The decision of the case depends entirely on a just interpretation of the contract of sale to the appellants. One of the articles of this contract contains an acknowledgement of the vendors of the receipt of the whole price agreed on.

Immediately after this, a clause is found which states that the property sold is affected with a number of mortgages, which are to be paid with and out of the consideration of the sale. An exception is, however, made in relation to four judicial mortgages amounting to upwards of thirty thousand dollars, but amongst those excepted, that of the plaintiff is not enumerated, although it is acknowledged to be on the list of mortgages affecting the premises sold, and referred to in the act of sale. The testimony of some of the mortgage creditors was admitted to prove that the defendants had paid or satisfied them in relation to their claims. This testimony was objected to on the part of the defendants, and these objections being overruled, a bill of exceptions was taken. Their counsel required this evidence to be rejected on the ground of irrelevancy, but we are of opinion, that though not very important, it has some bearing on the cause, as showing the construction put on the contract by the purchasers themselves. It was therefore properly admitted.

*Testimony which has a bearing on the cause, though it be not important, cannot be rejected on the ground of irrelevancy.*

An instrument under private signature, signed by one of the vendors and the vendees, was introduced in evidence by the defendants. This seems to contain the project of the sale which was afterwards carried into effect by a notarial act and can have little or no effect on the decision of the case.

That part of the act of sale which acknowledges the receipt of the price by the sellers, seems to militate with the subsequent clause, which contains the stipulation that the mortgages should be paid with and out of the consideration of the sale; for if it had already been paid by the purchasers they could not be supposed to have agreed to pay, in addition, the amount of these mortgages. But from the whole context of the deed passed between the parties to this contract, and other evidence in the cause, it is clear that the price was not all paid immediately on the consummation of their agreement. An amount sufficient to free the property from acknowledged encumbrances, was evidently retained by the vendees, which by express terms of the contract, they stipulated to pay to certain mortgagee creditors of the vendors, amongst whom,

*Although a deed acknowledges the vendors receipt of the price in full, if it set forth certain mortgages on the property which are to be paid out of the consideration of the sale, it will be presumed that the vendees retained an amount sufficient to pay the mortgages, and they will be personally responsible to the mortgage creditors.*

the plaintiff appears to be one.   It is a stipulation, of which he has a right to claim the benefit, and consider the defendants as his personal debtors.

EASTERN DIS.
July, 1832.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*Rost,* for appellants.   *Janin,* for appellee.